**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DAVID LAMAR MILLER,** ) | |
| **ID #1228416,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:06-CV-2327-M-BH |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Order of Referral* dated September 21, 2009, before the Court for hearing, if necessary, and recommendation is petitioner's *Motion for Relief from Judgment of Federal Rule of Civil Procedure 60(B)(2)*, received September 16, 2009 (doc. 51).

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), moves for relief under Fed. R. Civ. P. 60(b) from the final judgment entered in his state criminal action, Cause No.F03-73517-NH on the basis of "newly discovered evidence" that proves his innocence. He apparently either seeks leave to present "newly discovered evidence" in support of a claim that was previously denied in his federal habeas petition, or he seeks leave to present a new habeas claim that the State withheld exculpatory evidence. In particular, petitioner asserts that he now has medical evidence to show that he is not guilty of sexual assault of a child. (Motion at 2-3). In his original petition, petitioner asserted that his nolo contendere plea was involuntary and that his attorney was ineffective because he had no concern for petitioner's innocence and because his attorney failed to investigate his claim of innocence. (Pet. at 7).

## II. SECOND OR SUCCESSIVE APPLICATION

The Supreme Court has held that a Rule 60(b) motion that seeks to present a new claim that was not presented in an earlier habeas petition or that seeks to present "newly discovered evidence" in support of a previous claim is, in substance, a successive habeas petition and should be treated accordingly.  *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).  Consequently, whether the petitioner in this case is attempting to present a new habeas claim or attempting to present new evidence in support of a prior claim, his motion is in actuality a successive petition for writ of habeas corpus because it asserts a claim of error in his state conviction.  Accordingly, the motion is properly construed as a successive habeas petition filed pursuant to § 2254 that requires precertification by the Fifth Circuit before this Court reviews it. *Id*. at 531-32.[1]

The Fifth Circuit has not issued an order authorizing this Court to consider this successive application for habeas relief, and this Court therefore has no jurisdiction to consider it.  *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  It may, however, transfer the application to the appropriate court of appeals for a determination of whether petitioner should be allowed to file the successive petition in the district court.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002*); In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers).

## III. RECOMMENDATION

Petitioner's motion (doc. 51) should be **CONSTRUED** as a successive petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The Clerk of Court should be directed to open a new civil action for administrative purposes only; file the motion in that action as a § 2254 petition

---

[1] When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).

filed on September 16, 2009; file the Court's order in that action as an order of transfer; and without further judicial action, immediately **TRANSFER** the new § 2254 action to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) as a successive habeas petition. For purposes of continuity, the Clerk should directly assign the new civil case to District Judge Barbara M.G. Lynn and to Magistrate Judge Irma Carrillo Ramirez.

**SIGNED this 22nd day of September, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE